QUESTION: May the Police Department of Hacienda Village enforce state traffic laws and control traffic on state roads within one-half mile of that municipality's territorial limits?
SUMMARY: Assuming that s. 5(43) of the Charter of Hacienda Village authorizes the village to extend police protection beyond its territorial limits, the enforcement and jurisdictional provisions of Ch. 316, F.S., have superseded that authorization, so that the village police department may only enforce state traffic laws on the streets and highways of that village; and the village has original jurisdiction to control traffic only over streets and highways, except state roads, within that village. Chapter 316, F. S., enacted by Ch. 71-135, Laws of Florida, establishes the Florida Uniform Traffic Control Law, the provisions of which are applicable and uniform throughout the state and in all political subdivisions and municipalities therein. No local authority may enact or enforce any ordinance on a matter covered by the law unless expressly authorized, except that no local authority is prevented from enacting an ordinance when such enactment is necessary to vest jurisdiction of violation of the law in the local court. Section 316.007. Original jurisdiction to control traffic over all state roads throughout the state is vested in the Department of Transportation, s. 316.006(1); original jurisdiction to control traffic over all streets and highways, except state roads, within a chartered municipality's boundaries is vested in that municipality, s. 316.006(2); and original jurisdiction to control traffic over all streets and highways within a county's boundaries, except state roads and streets and highways within a municipality's boundaries, is vested in that county. Section316.006(3). With respect to the enforcement of the traffic laws of the state, the Division of Florida Highway Patrol of the Department of Highway Safety and Motor Vehicles has enforcement authority on all streets and highways of the state and elsewhere throughout the state wherever the public has a right to travel by motor vehicle, s. 316.016(1)(a), supra; the sheriff's office of a county has enforcement authority on all streets and highways in that county and elsewhere throughout the county wherever the public has the right to travel by motor vehicle, s. 316.016(2); and the police department of each municipality has enforcement authority on all streets and highways of its municipality and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle, s. 316.016(3)(a). A municipality, through its duly authorized officers and in accordance with its municipal charter, has nonexclusive jurisdiction over the prosecution, trial, adjudication, and punishment of violations of Ch. 316, supra, when a violation occurs within the municipality and the person charged is charged by a municipal police officer. Section 316.008(2).
Against this background, you inquire as to whether the police department of Hacienda Village may enforce state traffic laws and control traffic on state roads within one-half mile of that municipality's territorial limits. This question arises here since section 5(43) of the Municipal Charter of Hacienda Village provides that the village governing body has the power "[t]o furnish police protection within one-half mile of the corporation limits, provided that this extension of power shall not extend into any other municipal corporation." This provision was added in 1970 as part of a charter amendment adopted by the municipality's governing body and electorate, pursuant to the procedure authorized by Ch. 69-242, Laws of Florida (formerly s. 166.17, F. S., repealed by Ch. 73-129, Laws of Florida). However, the Florida Constitution provides that the "exercise of extra-territorial power by municipalities shall be as provided by general or special law." (Emphasis supplied.) Article VIII, s. 2(c), State Const. Similar language in the Constitution, Art. VII, s. 12, has been construed by the Florida Supreme Court to mean "an enactment by the State Legislature (as the enactment into law of the city charter) — not by a city commission or any other political body." Grapeland Heights Civic Ass'n v. City of Miami, 267 So.2d 321, 324
(Fla. 1972). According to the court, to interpret such language otherwise "would be a grant to municipalities of a `self-starter' approach to whatever they chose to pursue even though it were not within the city's authority." Likewise, I am of the opinion that, in order for the governing body of Hacienda Village to extend municipal police protection beyond municipal boundaries, such extension must be provided by general or special law, neither one of which is the charter amendment adopted in 1970 pursuant to the procedure authorized by Ch. 69-242, supra. This conclusion is consistent with the general view that in some instances by virtue of specific authority, but not otherwise, cities may regulate highway and street traffic a certain distance beyond their corporate limits. [See] 7 McQuillin, Municipal Corporations, s. 24.610, p. 699. However, assuming the Hacienda Village Charter provision in question was validly adopted, Ch. 316, supra, the Florida Uniform Traffic Control Law, as previously indicated, establishes a uniform traffic laws enforcement pattern throughout the state. Moreover, the preamble to Ch. 71-135, supra, enacting Ch. 316, expresses the legislative proposition that "traffic administration can be effective only to the degree that essential functions are properly synchronized, with authority and responsibility fixed by law." Consistent with this apparent legislative intent of uniformity and synchronization, therefore, I am of the opinion that the enforcement and jurisdictional provisions of the Uniform Traffic Control Law supersede in legal effect the charter provision in issue. Cf. s. 316.002, which prohibits any local authority from attempting to enforce any ordinance in conflict with the provisions of Ch. 316. As a result, the police department of Hacienda Village has authority to enforce the traffic laws of this state only on the streets and highways of that municipality and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle, s. 316.016(3)(a), supra; and it does not have the authority to enforce such laws outside the municipal boundaries. Moreover, Hacienda Village has original jurisdiction to control traffic only over streets and highways, except state roads, within that municipality. Section 316.006(2), supra. (It should be noted that a municipal police officer, when necessary to make an arrest, may make a fresh pursuit of a person from within the municipality to any point in the county in which the municipality is located when the person has violated a city ordinance or committed a misdemeanor within the municipality, or the officer reasonably believes that the person has committed or is committing a felony. Section 901.25, F.S.)